## CADWALADER v. JESSUP AND MOORE PAPER COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 276.   Submitted April 27, 1893. — Decided May 10, 1893.

Old india-rubber shoes, invoiced as "rubber scrap" and entered as "scrap rubber," were exempt from duty, under the similitude clause, § 2499, of Title 33 of the Revised Statutes, as enacted by § 6 of the act of March 3, 1883, (22 Stat. 491,) as being substantially crude rubber, under § 2503, they having lost their commercial value as articles composed of india-rubber, or india-rubber fabrics, or india-rubber shoes.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Parker* for plaintiff in error.

*Mr. Edward L. Perkins* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought in the Court of Common Pleas, No. 3, for the county of Philadelphia, in the State of Pennsylvania, by the Jessup and Moore Paper Company against John Cadwalader, collector of customs for the district

of Philadelphia, to recover an alleged excess of customs duties, paid by the plaintiff under protest. The case was removed by the defendant by certiorari, into the Circuit Court of the United States for the Eastern District of Pennsylvania. The amount claimed was $236.25. The invoice in the case was of twenty-two bales of old "rubber scrap." They were entered as "scrap rubber," and 25 per cent ad valorem was charged on the merchandise, under the provision of Schedule N of § 2502 of the act of March 3, 1883, c. 121, 22 Stat. 513, which imposed a duty of 25 per centum ad valorem on "articles composed of india-rubber, not specially enumerated or provided for in this act."

Under the free list, § 2503 of the same act, under the head "Sundries," the following articles, when imported, were made exempt from duty : "India-rubber, crude and milk of." Section 2499 of Title 33 of the Revised Statutes was made, by § 6 of the same act, 22 Stat. 491, to read, after July 1, 1883, as follows: "There shall be levied, collected and paid on each and every non-enumerated article which bears a similitude, either in material, quality, texture or the use to which it may be applied, to any article enumerated in this title as chargeable with duty, the same rate of duty which is levied and charged on the enumerated article it most resembles in any of the particulars before mentioned ; and if any non-enumerated article equally resembles two or more enumerated articles on which different rates are chargeable, there shall be levied, collected, and paid on such non-enumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest duty; and on all articles manufactured from two or more materials the duty shall be assessed at the highest rates at which the component material of chief value may be chargeable. If two or more rates of duty should be applicable to any imported article, it shall be classified for duty under the highest of such rates : Provided, That non-enumerated articles similar in material and quality and texture, and the use to which they may be applied, to articles on the free list, and in the manufacture of which no dutiable materials are used, shall be free."

The articles imported were old india-rubber shoes, purchased by manufacturers of india-rubber articles, to be ground into a. powder, subjected to a blowing process to extract fibres of the lining, or to a high temperature to eliminate as much of the sulphur as possible, and then sheeted out and manipulated in the same manner and for the same purposes as crude rubber, the material being only equal in value to a medium grade of crude rubber.

.It was contended by the importer that these old shoes, invoiced as "rubber scrap," and entered as "scrap rubber," were free, as being substantially crude rubber, on the ground that the evidence showed that they were non-enumerated articles, and were similar in material and quality and texture, and the use to which they were applied, within the meaning of § 2499, to crude rubber, and were, therefore, exempt from duty. The importer duly filed a protest against the exaction of the duty, and appealed to the Secretary of the Treasury, who affirmed the decision of the collector.

The case was tried before the Circuit Court and a jury, and evidence was given on both sides. At the close of the testimony, the plaintiff requested the court to charge the jury as follows: "1. Articles composed of india-rubber within the meaning of the existing tariff laws (sec. 2502, Schedule N) are articles prepared or manufactured from india-rubber, of which the preparation or manufacture constitutes some portion of their commercial value. If, therefore, you find that the commercial value possessed by the old rubber shoes upon which the plaintiffs in this case allege that the duty in this instance was improperly imposed was due solely to the rubber they contained, and not to the preparation or manufacture which they had undergone, they were not 'articles composed of rubber' within the meaning of the tariff laws as at present in force." The court affirmed that proposition and the defendant excepted.

The plaintiff also requested the court to charge the jury as. follows : "2. If you find that the 'old rubber shoes' in question in this suit were not composed of india-rubber within the meaning of the tariff law, and if you find that said 'old rubber

shoes ' were similar in material, quality, texture and the use
to which they can be applied to crude rubber, your verdict
must be for the plaintiffs." The court affirmed that proposi-
tion, and the defendant excepted.

The plaintiff also requested the court to charge the jury as
follows: " 3. Under all the evidence, your verdict must be for
the plaintiffs." The court affirmed that proposition, and the
defendant excepted.

The defendant requested the court to charge the jury as
follows: " 1. If you believe that the importation in suit is
composed of india-rubber not specially enumerated or pro-
vided for in the act of March 3, 1883, your verdict should be
for the defendant. 2. If you believe that the importation in
suit bears a similitude in material, quality, texture, or the use
to which it may be applied, to an article composed of india-
rubber, then your verdict should be for the defendant. 3.
Even if the importation in suit be used for the purpose of re-
claiming, by chemical process, the rubber contained therein,
yet if the product is inferior in material, quality, and texture
to crude rubber, then it is not such a similitude to crude rub-
ber as it is necessary under section 2499 for the plaintiff to
prove to entitle him to recover, and your verdict should be for
the defendant. 4. Your verdict in this case should be for the
defendant." The court refused each request, and the defend-
ant excepted to each refusal.

The court said to the jury that, if the plaintiff's first point
was sound, the plaintiff was entitled to recover; that the
court would instruct the jury *pro forma*, for the purpose of
enabling them to find a verdict; that the law was correct as
stated in the plaintiff's first point, and the plaintiff was en-
titled to recover, but that the court reserved the right to enter
a verdict for the defendant, if it should be found that the law
was not correctly stated in the plaintiff's first point. The
court further said to the jury: " This action turns altogether
upon a question of law on the constructions which are given to
the act of Congress, and as we wish to give further time to
the consideration of this question, and to have argument be-
fore the full bench upon the subject, I instruct you that the

law, as stated in plaintiff's first point, is a correct statement of the law, and in that view, under the facts here, the plaintiff is entitled to a verdict for the amount of duty exacted in excess of what should have been charged. This will be subject to consideration by the court hereafter, and the court reserves the right to enter a verdict for the defendant in case it should be satisfied that the law is not as stated in this point." The jury rendered a verdict in favor of the plaintiff for $255.72.

Subsequently, the defendant moved the court to grant judgment in his favor *non obstante veredicto*, the case was argued, the motion was denied, and judgment was entered in favor of the plaintiff for the amount of the verdict. The defendant has brought a writ of error, but we are not furnished with any brief in its support.

The uncontradicted testimony is to the effect that the only commercial use or value of the old india-rubber shoes, or scrap rubber, or rubber scrap in question, is by reason of the india-rubber contained therein, as a substitute for crude rubber; that the old shoes were of commercial use and value only by reason of the india-rubber they contained, as a substitute for crude rubber, and not by reason of any preparation or manufacture which they had undergone; that they could not fairly be called "articles composed of india-rubber," and as such dutiable at 25 per centum ad valorem; and that, although the shoes may have been originally manufactured articles composed of india-rubber, they had lost their commercial value as such articles, and substantially were merely the material called " crude rubber." They were not india-rubber fabrics, or india-rubber shoes, because they had lost substantially their commercial value as such. *Meyer* v. *Arthur*, 91 U. S. 570; *Worthington* v. *Robbins*, 139 U. S. 337, 341; *American Net & Twine Co.* v. *Worthington*, 141 U. S. 468; *Junge* v. *Hedden*, 146 U. S. 233, 237.

Under the act of October 1, 1890, c. 1244, (26 Stat. 607,) paragraph 613, the following articles are made exempt from duty: "India-rubber, crude and milk of, and old scrap or refuse india-rubber, which has been worn out by use and is fit only for remanufacture." The proper description of the im-

portation in question in this case is that it is " old scrap or refuse india-rubber, which has been worn out by use and is fit only for remanufacture."

The decision below was correct, and the judgment is

*Affirmed.*