S. O. Pitts et al. *v.* The City of Vicksburg.

1. Privilege Tax.  *Store.  Municipality.*   *Code* 1892, §§ 3390, 3412.
     A junk shop or place at which is accumulated for shipment and occa-
     sional sales old iron, glass, ropes, wool, hides, fur, cotton, old paper
     and the like, is within § 3390, code 1892, imposing a state privilege
     tax on each "store," and, under § 3412, a municipality cannot im-
     pose thereon a tax greater than fifty per cent. of the state tax.

2. Municipality.  *Imposing tax.  Not within police power.*
     A municipality cannot, as a police regulation, impose a tax on junk
     stores.   Taxation is not within the police power.   *Jackson* v. *New-
     man,* 59 Miss., 385.

From the chancery court of Warren county.

Hon. Claude Pintard, Chancellor.

Appeal by complainants from an adverse decree.    The opinion
states the case.

*Shelton & Brunini,* for appellants.

If by the use of the word "store" it was not intended to
include a place where junk is bought and sold, what reason is
there for holding that it was intended to include dry goods or
grocery stores?   Where shall we draw the distinction?   This
court has held that a small room used as an office, in connection
with a lumber yard, is a store.    *Folkes* v. *State,* 63 Miss., 81.

The tax in question is imposed in a revenue ordinance.    There
is no pretext that it was exacted as a police regulation.    There-
fore the tax is not authorized as an exercise of the police power.

*Booth & Anderson,* for appellee.

A junk shop is a place where odds and ends are sold and
purchased.    12 Am. & Eng. Enc. L., p. 243; 12 Rich. (S. C.),
470.    A similar definition is given in the Century dictionary.

The state levies no privilege tax on junk shops.    Therefore

the city of Vicksburg has the right, under its charter, to impose the tax in question, and it does not come within the limitation imposed by § 3412, code 1892, which restricts municipalities to a levy of fifty per cent. on the state tax. A junk dealer is not the keeper of a store within the meaning of that section. The fact that the business is conducted in a storehouse does not change this. Nor does the fact that another kind of business is carried on in the house, which subjects the party to the payment of the state tax. The business of a junk dealer, like that of a pawnbroker, is a distinctive calling, and taxable as such.

*Folkes* v. *State*, 63 Miss., 81, is not applicable. There it was held that a lumber yard was a store, within the meaning of the statute, because it was the business that was taxed, irrespective of the fact that it was carried on in or outside of the house.

WOODS, J., delivered the opinion of the court.

The appellants exhibited their bill in the chancery court of Warren county against the appellee, alleging that they were doing business and keeping stores in Vicksburg, in which they had for sale hides, rags, metal, and other articles of like character, and that the articles they kept in their stores were kept for sale, like other merchandise. They allege that their stock, kept in each of the stores, never exceeds in value $2,000, and that they have paid the proper privilege tax to the state for the privilege of carrying on such store. They further show and state that, in January, 1894, there was passed an ordinance by the municipal authorities of said city, entitled "An ordinance to raise revenue for the city of Vicksburg," which, among other things, levied a privilege or license tax of $100 on each junk shop or store, and complainants charge that the sole object of the said ordinance was and is to levy privilege taxes on the various trades and callings therein mentioned, in order to raise a revenue for the support of the municipal government. They also aver that, by § 3390, code 1892, a privilege tax, to

be paid the state, of $10 is levied on each store where the stock does not exceed the sum of $2,000, and that, by § 3412 of the code, no city can impose on trades and callings taxed by the state, a tax in excess of fifty per centum of the amount levied by the state on such trades or callings, the business conducted there being liable to the payment of a state privilege tax, under the provisions of the statute levying privilege taxes, as complainants charge in their bill.  They aver payment of the proper privilege tax to the state, and the tender to the city treasurer and refusal by him of fifty per centum of the state privilege tax paid by them.  They prayed an injunction against the respondents to restrain them in any attempt to collect the $100 privilege tax levied under the city ordinance, as already recited.

To the bill exhibited the city interposed a demurrer alleging that the bill showed no equity on its face and contained no ground for equitable relief, and the same being by the court overruled, the respondents answered admitting that the complainants were keepers of stores and that the stock carried therein never exceeded, at any one time, $2,000, and that the tender of the fifty per centum on the state privilege tax levied on such stores had been tendered and refused; but it denied that the said stores of the complainants were stores in which articles are kept for sale as in the usual course of mercantile trade.  On the contrary, respondent averred that the business in which complainants were engaged was that of keeping junk stores, and that this consisted in purchasing old rope, chain, iron, copper, parts of machinery, and other refuse and things of like character, and in shipping the same abroad in bulk, for sale, but the answer admits occasional sales of the articles kept in such junk stores.  The evidence supports the averments of the bill, and, indeed, there is no real controversy on the facts.

The question raised is this:  Are junk stores embraced in the term "stores" in § 3390, code 1892, by which a privilege tax is levied on each store where the stock never exceeds in value $2,000?

The word store means a place where goods are kept on deposit, especially in large quantities—a warehouse; and, also, a place where goods are kept for sale in large or small quantities.   It is not used in the former sense in § 3390, for warehousemen are liable to a privilege tax, as such and by that name, under § 3399*a*.   It is then employed in § 3390 to designate a place where goods are kept for sale either by wholesale or retail.   There is no reference to any particular class or character of goods named.   The store may be for the sale of dry goods, clothing, groceries, drugs, or any other articles of merchandise kept for sale.   It is broad enough to embrace any store, and we are at a loss to conjecture why it may not and does not embrace a stock of old iron and other metals, old glass, old rope, old paper stock.   But the evidence shows that the complainants were dealers in wool, hides, furs, and cotton also. Until the legislature undertakes the work of classification of stores generally, we must hold the generic term used in the code to embrace every species of store not otherwise particularly named and taxed.

, The effort of the appellee to show, in its evidence, that the municipal tax of $100 levied by the city ordinance upon junk stores was done in the exercise of the police power of the city, is not maintainable.   The ordinance itself plainly declares that the taxes therein enumerated are levied in order to provide a revenue for the city.   But, if this did not appear, it is well settled law that the authority to levy taxes by a city is not embraced in its police powers.   The power to raise revenue is one thing, and the power of police regulation is another thing. *City of Jackson* v. *Newman*, 59 Miss., 385.

The decree of the court below will be reversed and a decree will be entered here perpetuating the injunction.

*Reversed, and decree here.*