## EX PARTE C. A. SCOTT.

No. 18325.   Delivered March 4, 1936.

The opinion states the case.

*Martin & Shipman,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order refusing to discharge appellant upon a habeas corpus hearing.

Appellant was charged by complaint in the corporation court of Abilene, Texas, with being a junk dealer in said city without having obtained or applied for an annual license permitting him to engage in such business. He sued out a writ of habeas corpus in the district court, and upon a hearing was remanded to the custody of the chief of police, from which order he has appealed to this court. He attached to his application for the writ a copy of said ordinance, which defines at length junk, and junk dealers,—and penalizes the latter when engaging in such business in the city of Abilene without a license, which is made a prerequisite. For many reasons and upon many grounds the ordinance is attacked. We may not discuss all complaints thereof, but enough to make plain the reasons for our opinion.

We quote the definition of junk as set out in said ordinance:

"Section 1.  (a) The term, 'Junk' as used in this ordinance is defined to mean and shall include scrap iron or scrap tin or scrap brass or scrap copper or scrap lead or scrap zinc

and all other scrap metals and their alloys, and bones, rags, cloth, rubber, rope, tin foil, used bottles, old cotton, second-hand mechanical and garden tools, used or second-hand plumbing fixtures, appliances. fittings, pipes and supplies, second-hand or used clothing, used or second-hand electrical fixtures, fittings, appliances and supplies, used or second-hand gas fixtures, fittings, pipes, appliances and supplies, used or second-hand water heaters, fixtures, fittings, pipes and supplies, and used or second-hand lawn hose or harness, used or second-hand doors, window sash or glass, mantels or parts thereof, used or second-hand automobiles. purchased for the purpose of being dismantled, and all automobile parts and accessories, and used or second-hand automobile tires and tubes."

Section (b) of said ordinance, which immediately follows that above quoted, is as follows:

"The term 'Junk dealers' is herein used in its ordinary and usual trade acceptance meaning, and shall also mean and include any person or persons, firm, partnership or corporation engaged in any of the following: Collecting, handling, buying, selling of any of the articles mentioned in subdivision (a) of this Section, and all persons engaged in the buying and selling of goods, wares, and merchandise of which junk, as herein defined, is a part, except any person, firm or corporation purchasing junk exclusively for the purpose of manufacture, shall be held to be junk dealers within the meaning of this ordinance."

We have no statutory definition of junk in this State. In the Century Dictionary we find the following definition: "Old or condemned cable and cordage, cut into small pieces, used when untwisted for making points, gaskets, swabs, mats, etc., and picked into fibers to make oakum for calking seams." It is stated as part of the definition above referred to that the term is nautical in origin, but that it has been extended from the above to where,—as further set forth in the same definition in the same work,—it is held to mean as follows; "Old worn out and discarded material in general, that may be turned to some use; especially old rope, chain, iron, copper, parts of machinery, and bottles gathered or bought up by tradesmen called junk dealers,—hence rubbish of any kind, odds and ends." We find substantially the same definition in 24 Cyc at page 79, supporting which latter definition are cited Duluth v. Bloom, 55 Minn., 97; Carberry v. U. S., 116 Fed., 773; Cadwalader v. Jessup & Moore Paper Co., 149 U. S., 350, in which last case the term "junk" was held not to include

second-hand bottles; Pitts v. Vicksburg, 72 Miss., 181; Henningberg v. State, 72 S. W., 176; Commonwealth v. Ringold, 182 Mass., 308. For further definition see Melnick v. City of Atlanta, 147 Ga., 525, 94 S. E., 1015; State v. Shapiro, 131 Md., 168, 101 Atl., 707. A leading case seems to be City of New York v. Vandewater, 99 N. Y. Supp., 306.

We have found no authority and know of none, nor are we led to believe that any can be found, which says or holds that named articles of use, wear or merchandise became junk merely because they are second-hand. Any article of clothing, tools, furniture, electrical or pumbing fixtures, automobiles, etc., when used once, become second-hand as to other and subsequent users,—but no pronouncement of a law could make junk of such an article,—unless by some fortuitous mischance same at once became junk in fact, that is, of such condition of hurt, damage or injury as to make it no longer usable for the purpose originally intended, and of such condition as to not be at least to some extent restorable to its former state of service.

We think it no abuse of judicial knowledge to say that we know that second-hand articles of practically every kind described in the ordinance under consideration are not of necessity junk,—such as second-hand clothes, tools, plumbing fixtures, gas fixtures, harness, doors, glass, mantels, etc. Other decriptives,—more apt and definite,—would have to be used ascribing other qualities to such articles before they would perforce line up as junk,—and we are of opinion that one could not be, by arbitrary pronouncement of an ordinance, forced into the class of junk dealers and compelled to pay license as such, or compelled to observe the other requirements laid down in such ordinance,—non-observance of which would subject such person to fine and penaties,—simply by reason of the fact that such person saw fit to engage in the business of buying and selling second-hand clothes, tools, electrical and plumbing fixtures, etc., without having first paid a license fee as a junk dealer for engaging in such business. In all of our larger cities many persons and firms buy and sell for a living the classes of articles comprehended by the terms of this ordinance and defined as junk, who are in no fair sense to be classed as junk dealers, and it seems to us that the same definitions in substance, and in the eyes of the law, should obtain in one city of our State so that what would be in restraint of trade in the city of Abilene would be wrong in all of the other cities of our State under similar ordinances. For the reasons above stated, we are of opinion that the definitions and terms

of said ordinance are arbitrary, in restraint of trade, unreasonable and should be held void, and that the rules, regulations and requirements placed upon appellant, or anyone engaging in buying and seling the goods, wares and merchandise named in said ordinance, should be held unreasonable and in restraint of trade when attempted to be applied to a dealer in second-hand goods of the classes mentioned, or to one who deals in articles set out in another section of said ordinance which are classed as junk because the original number, brand or trademark has been lost or erased.

Other interesting points are raised in this case, but we see no need for a discussion of them further than to say that if one be properly classified as a junk dealer, there would seem reason for requiring that he hold purchases of junk intact for the period of time mentioned in said ordinance, to-wit: until noon the day following the purchase of same, which we do not regard as an unreasonable restraint of trade; and that such dealer be required to keep records of his purchases for the reasonable inspection of officers and persons whose property may have been stolen. In numbers of states, including Texas, it has been held proper for ordinances to require persons engaged in the junk business to keep a record of their purchases. See Ex Parte Goldburg, 82 Texas Crim. Rep., 475; Ullman v. District of Columbia, 21 App. D. C., 241; Commonwealth v. Leonard, 140 Mass., 473; City of St. Louis v. Baskowitz, 273 Mo., 543. As holding that an ordinance requiring dealers to retain goods a reasonable length of time is valid see Philips v. State, 77 Ohio St., 214; Shurman v. Atlanta, 148 Ga., 1; Grossman v. City of Indianapolis, 173 Ind., 157.

Believing the ordinance in question to be invalid in its present form for the reasons stated, the judgment of the trial court is reversed and the discharge of the appellant is ordered.

*Judgment reversed and petitioner discharged.*