## L. T. PIVER, Inc., v. HOEY.
### No. 165.

Circuit Court of Appeals, Second Circuit.
Jan. 16, 1939.

Mock & Blum, of New York City, for plaintiff-appellant.

Lamar Hardy, U. S. Atty., of New York City (James W. Morris, Asst. Atty. Gen., Sewall Key and Clarence E. Dawson, Sp. Assts. to Atty. Gen., and William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff is an American corporation which took over the business in this country of a French company known as Parfumerie L. T. Piver. It was organized under the laws of Delaware in 1923 and until July 1, 1933, imported perfume concentrates from Europe which it manufactured into, and sold as, finished perfumes and toilet preparations in the United States. On the last mentioned date a New York corporation

called L. T. Piver Laboratories, Inc., was organized. The stock of the new corporation was wholly owned by the stockholders of the plaintiff and it thereafter imported and paid for the concentrates; made up the perfumes and toilet preparations itself; and delivered the finished products to the plaintiff who owned the trade-marks under which they were sold by it to third persons.

The taxes which were paid by the plaintiff were those payable by a manufacturer under the provisions of Sec. 603 of the Revenue Act of 1932, 26 U.S.C.A. end of c. 20, and the plaintiff was treated as the manufacturer making the sales, they being the first outside the affiliates, in accord with the decision in Bourjois, Inc., v. McGowan, 2 Cir., 85 F.2d 510.

 We have no occasion to decide now, however, whether the taxes were lawfully assessed and collected. There is a primary reason why this suit cannot be maintained; found in the provisions of Sec. 621(d) of the Revenue Act of 1932, 26 U.S.C.A. end of c. 20.

They provide in so far as now material that: "No overpayment of tax under this title shall be credited or refunded * * * in pursuance of a court decision or otherwise, unless the person who paid the tax establishes, * * * (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee, or (2) that he has repaid the amount of the tax to the ultimate purchaser of the article, or unless he files with the Commissioner written consent of such ultimate purchaser to the allowance of the credit or refund."

The record before us establishes beyond any doubt that the plaintiff is "the person who paid the tax" and also that it has not complied with the provisions of the above statute. The limitations so placed upon the recovery of such taxes when paid are valid. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143. And this defect in the proof was sufficient in itself to defeat the suit.

An attempt has been made to relieve this plaintiff from the necessity for compliance with the statute on the theory that it was not a taxpayer if it was not the taxable manufacturer liable for the tax. The principal amount for which recovery is sought was paid as a tax and unless the plaintiff has sued in the right of the taxpayer it is not easy to find any ground upon which this suit may be maintained at all. But the contention cannot require any discussion of when one is, or is not, technically a taxpayer, for the statute itself ignores all that and applies in plain language to the "person who paid the tax". That was the plaintiff.

Nor does the plaintiff have any cause of action for the recovery of the taxes it paid aside from whatever has been given by statute. Anniston Mfg. Co. v. Davis, 5 Cir., 87 F.2d 773.

Judgment affirmed.