### ANDREW JERGENS CO. et al. v. CONNER.
### No. 5193.

District Court, S. D. Ohio, W. D.
Jan. 11, 1940.

Frost & Jacobs, of Cincinnati, Ohio, for plaintiffs.

Andrew D. Sharpe and Clarence E. Dawson, Sp. Assts. to Atty. Gen., and James H. Cleveland, Acting U. S. Atty., and Frederic W. Johnson, Asst. U. S. Atty., both of Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

Plaintiffs, The Andrew Jergens Company, John H. Woodbury, Inc., and Jergens-Woodbury Sales Corporation, are affiliate corporations, engaged in the manufacture, sale and distribution of toilet preparations, The Andrew Jergens Company owning all the stock of the other two companies, seek the recovery of $364,337.09, claimed overpayment of manufacturers excise tax imposed by Section 603 of the Revenue Act of 1932, 26 U.S.C.A. following section 1481, after their claim for refund of said sum had been rejected in full by the Commissioner of Internal Revenue.

Plaintiffs contend that they did not collect said taxes sought to be recovered herein, directly or indirectly, from their vendees; did not change or increase their catalogue or list prices, but bore the entire economic burden of the tax themselves.

The case has been submitted for decision by the court upon the pleadings, agreed stipulation of facts and oral testimony, a jury being waived.

Section 603 provides as follows: "There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Perfumes, essences, extracts, toilet waters, cosmetics, petroleum jellies, hair oils, pomades, hair dressings, hair restoratives, hair dyes, tooth and mouth washes (except that the rate shall be 5 per centum), dentifrices (except that the rate shall be 5 per centum), tooth pastes (except that the rate shall be 5 per centum), aromatic cachous, toilet soaps (except that the rate shall be 5 per centum), toilet powders, and any similar substance, article, or preparation, by whatsoever name known or distinguished; any of the above which are used or applied or intended to be used or applied for toilet purposes."

Under a ruling by the Internal Revenue Commissioner, November 2, 1933, The Andrew Jergens Company and John H. Woodbury, Inc., manufacturing companies, paid the tax imposed by Section 603 on the basis at which they sold to the Jergens-Woodbury Sales Corporation until September 4, 1935, when in accordance with a revised ruling of the Commissioner, the tax was computed and paid upon the price at which Jergens-Woodbury Sales Corporation sold to the trade, from September 4, 1935, through February 1937.

Plaintiffs admit the revised ruling is a correct interpretation of the law as to basing the tax on the price of the first sale to persons outside the affiliated group, Bourjois, Inc. v. McGowan, D.C., 12 F. Supp. 787; affirmed, 2 Cir., 85 F.2d 510; certiorari denied 300 U.S. 682, 57 S.Ct. 753, 81 L.Ed. 885, but claim that the amount they seek to recover herein represents an overpayment of tax, illegally assessed and collected by reason of the refusal of the Commissioner to allow plaintiffs to exclude certain costs, such as transportation, delivery, insurance, selling and other charges having no connection whatever with the manufacturing process, etc., from the price upon which the tax was based, contrary to the provisions of Section 619(a) of the 1932 Revenue Act, 26 U.S.C.A. following section 1481:

"Sec. 619. Sale Price. (a) In determining, for the purposes of this title, the price for which an article is sold, there shall be included any charge for coverings and containers of whatever nature, and any charge incident to placing the article in condition packed ready for shipment, but there shall be excluded the amount of tax imposed by this title, whether or not stated as a separate charge. A transportation, delivery, insurance, installation, or other charge (not required by the foregoing sentence to be included) shall be excluded from the price only if the amount thereof is established to the satisfaction of the Commissioner, in accordance with the regulations."

Plaintiffs vigorously urge, this case presents a single primary issue:

"A. Whether the tax imposed by Section 603 of the Revenue Act of 1932 should be computed on a price which includes selling costs, or whether selling costs should first be deducted from the price in computing the tax.

"If it is determined that selling costs must be deducted from the selling price before computing the tax, then the following questions arise:

"B. What 'selling costs' does the Revenue Act entitle plaintiffs to deduct?

"C. Has the tax been passed on by plaintiffs to their vendees in such a manner as to bar recovery of amounts which plaintiffs would otherwise be entitled to have refunded?"

As to refunds Section 621(d), 26 U.S. C.A. following section 1481, provides:

\* \* \* \* \* \*

"(d) No overpayment of tax under this title shall be credited or refunded (otherwise than under subsection (a), in pursuance of a court decision or otherwise, unless the person who paid the tax establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee, or (2) that he has repaid the amount of the tax to the ultimate purchaser of the article, or unless he files with the Commissioner written consent of such ultimate purchaser to the allowance of the credit or refund."

■ The validity of the principle as to the burden of proof enunciated in Section 621(d) has been specifically upheld by the Supreme Court. United States v. Jefferson Electric Manufacturing Company, 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859; Anniston Manufacturing Company v. Davis, Collector, 301 U.S. 337, 57 S.Ct. 816, 81 L. Ed. 1143. In these cases it was held that although manufacturers were forced to pay erroneous and illegal taxes, the right to a refund was qualified by the condition that they must show that the burden of the taxes has not been shifted to the purchasers; that the manufacturers alone have borne the burden of the tax.

In view of the foregoing it would appear that the primary issue for this court to determine is whether or not plaintiffs have carried the burden imposed upon them by Section 621(d).

In addition to the agreed stipulation of facts, plaintiffs offered in their ·behalf, Joseph D. Nelson, Vice President, Secretary and General Manager of plaintiff companies, whose entire testimony is incorporated herein and made part hereof by reference. Specifically, Mr. Nelson testified that for the first three months after the excise tax became effective the tax was added at the foot of the invoice; thereafter plaintiffs absorbed the tax; it also appearing that at the same time the price lists were revised with foot-note reading: "No additional charge for tax." Also on said revised price lists the prices on certain items producing a substantial portion of the total sales were increased ten per cent, (equal to the tax) said prices being retained for the period in suit, subject to fluctuations up and down, depending on costs. The reverse side of the revised price list was an order blank. As to this Mr. Nelson testified that these price ·lists and order blanks were used in much less than five per cent of the sales· produced, the remaining percentage of sales usually being personally negotiated; that the subject of tax was never discussed with these purchasers, plaintiffs always absorbing the tax; that except for the first three months, the excise tax was never passed on to purchasers.

■ Bearing in mind the ruling of the Supreme Court that where taxes are ·erroneously assessed the taxpayer must show as a condition precedent to refund that the burden of the taxes has not been shifted to the purchasers, the bare testimony of Mr. Nelson that the tax has been absorbed and not passed on, in the opinion of the court does not meet the requirements imposed by Section 621(d), particularly in view of the testimony that prices were increased on certain principal items in a sum equal to the tax on the first price lists reading "No additional charge for tax". Giving full credit to the fact that such lists affected much less than five per cent of the total sales, certainly this admission tends to rebut the testimony that the tax was not passed on to that extent at least and tends to rebut the allegations in the petition that list prices were not increased.

Under the circumstances this court has no alternative, but to find as a matter of fact that plaintiffs have failed to establish as required by Section 621(d)· that they have not included the tax in the price of the article with respect to which it was imposed. In an analogous case, on appeal from a decision by the District Court, denying judgment for recovery of excise taxes imposed by Section 603, because of plaintiff's failure to sustain the burden of proof, the court said: "We have no occasion to decide now \* \* \* whether the taxes were lawfully assessed and collected. There is a primary reason why this suit cannot be maintained \* \* \* Sec. 621(d) of

the Revenue Act of 1932. * * * And this defect in the proof [is] sufficient in itself to defeat the suit." L. T. Piver, Inc. v. Hoey, Collector, 2 Cir., 101 F.2d 68, 69.

Judgment accordingly for defendant at cost of plaintiffs, with exceptions.