**BROAD MOTORS CO. v. SMITH.**
**C. A. No. 7658.**

United States District Court
E. D. Pennsylvania.
Sept. 28, 1949.

David Berger, Philadelphia, Pa., Edgar J. Goodrich, Lipman Redman, Washington, D. C., Max Leopold, Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, William B. Waldo, Ruppert Bingham, Sp. Assts. to Atty. Gen., for defendant.

WYCHE, District Judge.

In this action plaintiff seeks to recover excise taxes paid by it on the sale of rebuilt Ford motors during the years 1943.

The facts have been stipulated and this Opinion will stand as the Conclusions of Law in this case under the provisions of Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A. An Order so providing will be included in the Order for Judgment.

During the year 1943 the taxpayer was engaged in the reconditioning and rebuilding of Ford motors and selling them on an exchange basis. The parts in the rebuilt motors consisted of "new" parts purchased by it from manufacturers who had already paid the excise tax thereon, and "used" parts, obtained either from turned-in motors, some of which were previously repaired or rebuilt, or salvaged from motors purchased by it from junk dealers, or from old motors owned by it. Some machining and cleaning operations were done on the "used" parts before their utilization as components of the rebuilt motors. The taxpayer sold the rebuilt motors on an exchange basis at established list prices with the purchasers paying an additional price if either the blocks, cylinder heads, connecting rods, camshafts or crankshafts of the motors turned in were not useable. The taxpayer paid excise taxes on 234 rebuilt motors sold by it in 1943 on the basis of the list price plus $6, the value assigned to the turned-in motor by the taxpayer. The excise taxes paid by the taxpayer were collected by it from its customers.

During oral argument the taxpayer conceded that it was, under Section 3403(c) of the Internal Revenue Code, 26 U.S.C.A., § 3403(c), hereinafter referred to as Code, liable for excise taxes on the 234 rebuilt motors it sold. At the same time the defendant admitted that the taxpayer is entitled under Section 3443(a) (1) of the Code to a refund of a credit in the amount of $144.26, which refund represents excise taxes included in the prices it paid to other manufacturers for new parts used by it in the 234 rebuilt motors. Following the aforesaid admissions there are two issues presented: (1) Whether the taxpayer is entitled under Section 3443(a) (1) of the Code, to a credit for any excise taxes paid on the "used" parts it utilized in producing the rebuilt motors, and if so, (2) Whether the taxpayer to obtain such credit, must meet the conditions imposed by the Commissioner of Internal Revenue in Section

316.92 of Treasury Regulations 46 (1940 ed.), which Regulations were promulgated pursuant to Section 3443(b) of the Code.

The taxpayer contends that under Section 3443(a) (1) of the Code it is entitled to a refund of a credit for excise taxes on the "used" parts which it utilized in the rebuilt motors; that such credit is allowable whether or not excise taxes were paid on such parts; that the credit it claims may be arrived at by the use of a formula which limits the excise tax due on a rebuilt motor solely to the something "new" which has been added in the rebuilding of the motors, with credit to be computed to the extent that the additional (new) parts were tax-paid.

The Government contends that a credit is not allowable for any excise taxes paid on the "used" parts under Section 3443(a) (1); that if such credit is allowable, the taxpayer in order to obtain such credit must, in accordance with Treasury Regulations, furnish information and establish (1) the name and address of the person who paid to the United States the tax of which refund is claimed, (2) the date such tax was paid, (3) the amount of such tax, (4) that credit for the excise taxes sought to be refunded had not previously been allowed, and (5) that the excise taxes it seeks to be refunded were paid within four years of the date that the taxpayer filed claim for such refund. It likewise contends that the formula advanced by the taxpayer for computing its refund is one for determining its tax liability on the sales of the rebuilt motors, and that the use of such formula results in a taxpayer obtaining a refund of an overpayment instead of a refund of a credit; that a refund of an overpayment is not allowed unless the taxpayer bore the burden of the tax.

■ The taxpayer in the rebuilding of the motors was a manufacturer within the meaning of Section 3403(c) of the Code. See, Treasury Regulations 46 (1940 ed.), Section 316.4; Monteith Bros. Co. v. United States, 7 Cir., 142 F.2d 139; Henricksen v. Seward, 9 Cir., 135 F.2d 986, 150 A.L.R. 1; United States v. J. Leslie Morris Co., 9 Cir., 124 F.2d 371; United States v. Moroloy Bearing Service, 9 Cir., 124 F.2d 373; United States v. Armature Rewinding Co., 8 Cir., 124 F.2d 589; United States v. Armature Exchange, 9 Cir., 116 F.2d 969, certiorari denied 313 U.S. 573, 61 S.Ct. 960, 85 L.Ed. 1531; Clawson & Bals v. Harrison, 7 Cir., 108 F.2d 991, certiorari denied 309 U.S. 685, 60 S.Ct. 808, 84 L.Ed. 1028. See also, S. T. 927, 1942-2 Cum.Bull. 225; S. T. 932, 1945 Cum.Bull. 431. As such a manufacturer it was liable under Section 3403(c) of the Code for excise taxes on the sales of such rebuilt motors. As provided in Section 3441 of the Code the amount of excise taxes for which it was liable on the sale of the rebuilt motors was the actual selling price of a motor plus $6, representing the value of the turned-in motor.

As to the first question, it should be observed that subchapter A of Chapter 29 of the Code, includes the several sections, Section 3400 to and including Section 3415, which impose the manufacturers' excise taxes upon the various articles subject to such taxes. The provisions governing the enforcement and collection of these taxes are embodied in subchapter C of Chapter 29, Section 3440 to and including Section 3453.

■ Under Section 3403 of the Code, excise taxes are levied on the sale of automobile or truck chassis by manufacturers or producers, and upon the sale of automotive parts and accessories by manufacturers. The levying of such taxes apply without exception to "new articles." That is, these taxes apply to the first sale of a taxable article by the manufacturer, producer, or importer thereof. These taxes have no application to "used" or "second-hand articles", even though the "used" or "second-hand articles" may be sold by the manufacturer, producer or importer, who had made the taxable sale of the original article. Indian Motorcycle Co. v. U. S., 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277; S. T. 867, 1937-2 Cum.Bull. 505.

The provisions found in subchapter C (Sections 3440 to 3453), being the provisions of statute providing for the administrative machinery for the enforcement and collection of excise taxes, must like

those found in subchapter A, apply without exception to "new articles" and cannot apply to "used" or second-hand articles. A reading of the various sections found in subchapter C show that they deal solely with excise taxes on "new articles." Section 3440 defines a sale; Section 3441 describes the rules to be followed in determining the sale price for computing the tax; Section 3442 provides for tax free sales. As pertinent to the issues presented herein, Section 3442 provides in particular, subject to regulations prescribed by the Commissioner, for the tax free sale by the first manufacturer, where the taxable article is to be used by a vendee for further manufacture. Sections 316.20 and 316.21 of Treasury Regulations 46 (1940 ed.) provide that the first manufacturer must either pay the excise tax on the sale of the taxable article, or secure an exemption certificate from the second manufacturer. The exemption certificate relieves the first manufacturer from paying the excise tax and allows the second manufacturer to obtain the taxable article from the first manufacturer tax free upon agreeing to pay the excise tax when he sells a taxable article in which is incorporated the prior taxable article. In the event the second manufacturer does not furnish an exemption certificate, the first manufacturer pays the excise tax. On the article's resale after remanufacturing, the second manufacturer may under Section 3443(a) (1) obtain a credit for the excise tax he paid to the first manufacturer. Section 3443 provides for the crediting or refunding of excise taxes. Section 3442 and Section 3443(a) (1) when read together reveal a legislative intent to give an abatement, refund, or credit of tax when an article is sold to be used, or has been used, as a part in an article taxable upon sale. The first statute permits a sale without payment of tax when the sale is for a purpose of further manufacture. The second statute permits a refund or credit in such a case when the tax has been paid. Taken together, the two statutes cover a situation in which a parts manufacturer sells a taxable article to a further manufacturer, though the article may pass through a middleman to get to the final manufacturer. Such is not the situation here. The taxpayer did not purchase the used parts from a prior manufacturer. Section 3443(d) provides for the refunding of excise taxes over-paid by a taxpayer. It limits such refunds to taxpayers who have borne the burden of the taxes sought to be refunded. Sections 3444 to and including Section 3453 clarify those liable for excise taxes, with Section 3446 providing for the exemption from excise taxes of sales of certain articles made by Indians, and Section 3451 providing for exemption from excise tax of certain articles sold for vessels. The foregoing analyses of the various sections demonstrate that these sections have application solely to new articles.

No excise tax was due or paid on the used parts as taxable articles. Under Section 3443(a) (1) of the Code a credit is authorized for excise tax paid on a particular article which is used by another in further manufacturing. The original taxable article in the instant case generally was the chassis. A chassis is made up of numerous parts, some of which are in themselves taxable and some are in themselves non-taxable. The motor is a part of a taxable chassis. The motor, like other parts of the chassis, is made up of parts which are in themselves taxable and non-taxable. The excise tax if paid by the manufacturer of the chassis was not paid on the various parts in the chassis but rather on the completed article namely the chassis. In its rebuilding operations the taxpayer did not use the taxable article, the chassis, for further manufacturing but rather only some parts of the chassis. It cannot be said that the excise tax was levied on the parts of a chassis, for, as shown above, it was the manufacture and sale of the chassis which was the taxable article under Section 3403 (a) of the Code. Section 3443(a) (1) of the Code gives credit solely for taxes paid on a taxable article which was used in further manufacturing. There is no provision in Section 3443(a) (1) for giving credit on component parts, whether new or used, of a taxable article used for further manufacturing.

The denial of a credit under Section 3443(a) (1) on used parts does not result in an excise tax being levied more than once on a taxable article. There is no evidence in the instant case which shows that an excise tax was levied on any of the "used" parts utilized by the taxpayer in its rebuilding operations. The only evidence with respect to tax being paid on the "used" parts was that the Ford Motor Company paid to the excise taxes required of it under the revenue laws. Such evidence in itself does not establish that the "used" parts were either the taxable articles on which excise taxes were paid, or that excise taxes were, because of tax-free sales, paid on such "used" parts. There is no question of pyramiding of taxes as the excise tax paid by the taxpayer was solely on a taxable article, namely, the rebuilt motor which was manufactured, produced and sold by the taxpayer. The "used" parts utilized by the taxpayer had lost their identities as such parts for commercial, as well as for practical usage purposes. Cadwalader v. Jessup & Moore, Paper Co., 149 U.S. 350, 354, 13 S.Ct. 875, 37 L.Ed. 764. It was necessary to remake them into useful articles so as to enter into the flow of commerce. It was the machining and cleaning operations which made the "used" parts useful. The machining of the old parts coupled with the production and sale of the rebuilt motors in which "new" and "used" parts were combined resulted in the levying of the excise taxes involved in this action. The rebuilt motor was a new article, something entirely different from the worn out motor turned in, and made up of component parts which, because of the machining and cleaning done on them, were different from the used parts salvaged from the turned-in motors. The sale of the rebuilt motors subjected the taxpayer to excise tax under Section 3403(c) of the Code. The failure to grant a credit for excise taxes on the "used" parts is not the pyramiding of excise taxes to which Congress referred in The Report of the House Ways and Means Committee, H.R. 708, Seventy-second Congress, First Session, 1939–1 Cum.Bull. 457. The Report which accompanied the Revenue Act of 1932 shows p. 480 that the pyramiding referred to had to do with pyramiding of taxes on taxable articles that were used in further manufacturing of taxable articles. There is no evidence in this case that the used parts were the taxable articles on which a prior manufacturer paid an excise tax.

A further reason for the denial of recovery to the taxpayer of a refund of a credit for any excise taxes paid on the used parts is that the taxpayer has not established by any evidence that the taxes it claims credit for were paid to the United States and it has furnished none of the information required under the Commissioner's Regulations for obtaining such credit.

Section 3443(a) (1) of the Internal Revenue Code provides for credits to the second manufacturer in the amount of any manufacturers' excise tax which has been paid by a prior manufacturer with respect to the sale of any article purchased and used by the second manufacturer as material in the manufacturer or production of, or as a component part of, a taxable article with respect to which excise tax has been paid on its sale by the second manufacturer.

Subsection (b) of Section 3443 of the International Revenue Code provides that credit or refund under subsection (a) shall be allowed, or made only, upon compliance with Regulations prescribed by the Commissioner of Internal Revenue, with the approval of the Secretary.

Section 316.94 of Treasury Regulations 46 provides that a claim for the refund of a credit must be supported by evidence showing (1) the name and address of the person who paid to the United States the tax of which refund is claimed, (2) the date of the payment, (3) the amount of such tax paid, and (4) that the article was used by the taxpayer in the manufacture of a taxable article.

Similar requirements for the establishment of a credit have been contained in all Treasury Regulations issued in connection with excise taxes since 1932, when excise taxes were levied on automobile and truck chassis and on automotive parts and accessories and when credit provisions similar to those found in Section 3443(a) (1) of the Code were established.

A person seeking a credit must show that the excise tax for which he seeks a credit has been paid to the United States and by whom it was paid, otherwise it would result in a person either getting a credit for moneys never received by the United States, or having more credits allowed than taxes received into the Treasury of the United States.

For a like reason the requirement that the amount of tax paid, for which credit is sought, should be shown. From 1932 through 1943, the percentages of excise taxes levied on the selling prices of the taxable articles have varied from 2% to 5% on automotive truck chassis; from 3% to 7% on other chassis, and from 2% to 5% on parts and accessories. With varying rates on the same used component a taxpayer ought to show the amount of tax paid on a particular component for which he seeks credit.

Likewise, the requirement that the date the tax was paid for which credit is sought must be shown, is not unreasonable, for to obtain a credit a tax must have been paid when the article was first sold.

Finally, the requirement that evidence be furnished by the taxpayer seeking the credit showing that the article on which the excise tax credit is sought was used in the manufacture of another taxable article is not unreasonable. Under Section 3443 of the Code the taxpayer is entitled to a credit for the tax previously paid, only if the article was used by him as material in the manufacture of, or as a component part of, a taxable article.

All of the foregoing requirements by the Commissioner follow and are in accordance with the provisions of Section 3443(a) (1) and I cannot say they are unreasonable. Because of the delegation by Congress to the Commissioner in subsection (b) of Section 3443 to make such Regulations, the Regulations have, unless wholly unreasonable, the force and effect of law. Commissioner v. Lane-Wells Co., 321 U.S. 219, 223, 64 S.Ct. 511, 88 L.Ed. 684; Helvering v. Reynolds, 313 U.S. 428, 433, 434, 61 S.Ct. 971, 85 L.Ed. 1438, 134 A.L.R. 1155; Fawcus Machine Co. v. United States, 282 U.S. 375, 378, 51 S.Ct. 144, 75 L.Ed. 397; Brewster v. Gage, 280 U.S. 327, 335, 50 S.Ct. 115, 74 L.Ed. 457. This is particularly true when the Regulation has been, as here, consistently adhered to for many years. Spring City Foundry Co. v. Commissioner, 292 U.S. 182, 189, 54 S.Ct. 644, 78 L.Ed. 1200; Universal Battery Co. v. U. S., 281 U.S. 580, 583, 50 S.Ct. 422, 74 L.Ed. 1051; Duquesne Club v. Bell, 3 Cir., 127 F.2d 363, 365, 143 A.L.R. 1377; Miller v. Commissioner, 4 Cir., 144 F.2d 287.

The taxpayer contends that the information required in the Regulations is impossible of attainment. The impossibility of proving the material facts upon which the right to relief depends leaves a claimant, upon whom the burden rests, with an uninforceable claim and that misfortune must be borne by him, as it must in other cases, as the result of failure of proof. Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991; John Wanamaker v. Commissioner of Internal Revenue, 3 Cir., 62 F.2d 401, 402; Eaton v. American Chain Co., 2 Cir., 63 F.2d 783, 786; Long v. Commissioner of Internal Revenue, 9 Cir., 96 F.2d 270, 272; Lee Wilson & Co. v. Commissioner of Internal Revenue, 8 Cir., 111 F.2d 313, 318; Hague Estate v. Commissioner of Internal Revenue, 2 Cir., 132 F.2d 775, 778; Union Packing Co. v. Rogan, D.C. S.D.Cal., 17 F.Supp. 934, 941.

In lieu of submitting evidence in line with the information required in the Regulations the taxpayer presents a formula. The formula purports to compute the tax on the something "new" which has been added to the worn-out motor, with credit to be computed to the extent that any of the additional (new) parts were tax paid. Under the formula, instead of providing for a credit, it is proposed to tax only those items which combined make up the selling price, and which have never been taxed or sold tax-free before. By use of the formula the taxpayer is seeking not a credit, as provided in Section 3443(a) (1), but rather an overpayment under Section 3443(d). The formula contended for by the taxpayer has no regard to the excise tax, if any, paid by the prior manufacturer on the used parts

utilized, and has no regard to the cost or monetary value of the "used" parts. Under the formula only a portion of the taxpayer's cost of rebuilding, overhead, and profit is subjected to tax, the balance being attributed to the "used" part despite the fact that the excise tax is levied on the sales price of a rebuilt motor, and a sales price usually includes a manufacturer's total cost of production, including overhead and profit. As demonstrated on the blackboard at time of the hearing and in Exhibit B to the taxpayer's trial memorandum, on an 85 horsepower motor selling for $68.05, on which the excise tax due is $3.40, the taxpayer asks under the formula, solely for tax purposes, a selling price of $45.90 and an excise tax due thereon of $2.30. In other words, the formula reduces the sales price of the rebuilt motors with a resulting decrease of the excise tax due on the sales price of the rebuilt motor. The effect of the formula results in the taxpayer's claim being one for refund of an overpayment, instead of a credit. Refunds of overpayment of excise taxes are governed by Section 3443(d). This section provides that for a refund of an overpayment to be allowable the taxpayer must establish that it bore the burden of the tax. The evidence shows that the taxpayer collected the excise taxes it paid to the United States from the purchasers of the rebuilt motors. Therefore, even if the use of the formula for computing the excise tax due on a rebuilt motor were recognized, the taxpayer would not be entitled to recover because of the provisions of Section 3443 (d). See, United States v. Standard Oil Co., 6 Cir., 158 F.2d 126; Establissments Rigaud, Inc., v. Hoey, 2 Cir., 136 F.2d 1000; Gay Games v. Smith, 7 Cir, 132 F.2d 930; Andrew Jergens Co. v. Conner, 6 Cir., 125 F.2d 686; L. T. Piver, Inc., v. Hoey, 2 Cir., 101 F.2d 68.

For the foregoing reasons the taxpayer is entitled only to a refund of a credit for excise taxes paid by it to the manufacturers of the "new parts" utilized by it in the production and sale of the rebuilt motors. This amounted to One Hundred, Forty Four and 26/100 ($144.26) Dollars. An Order may be submitted accordingly.