GeeeN, Judge,
delivered the opinion of the court:
Section 900 of the revenue act of 1921, 42 Stat. 291, imposed an excise tax upon the sale of automobile trucks by the manufacturer, producer, or importer thereof. There is no question but that the plaintiffs imported the trucks upon which the tax was assessed and sold them within the United States, and the question in the case is whether they thereby became liable for the tax required by this section.
*136 The argument of plaintiffs is that the tax on sales by an importer applies only to articles of foreign manufacture and not to reimported articles of domestic manufacture; also that the law contemplated a single transaction and a single assessment of the tax and that the payment of more than one tax on any truck was not required. It is further argued on behalf of plaintiffs that as the trucks in question were all secondhand, they were not taxable under the Treasury rulings.
There is nothing ,in the act to justify such a construction. Its terms are clear and unmistakable and fix the liability of plaintiffs for the tax. It is quite probable that Congress did not foresee that some of the automobiles shipped abroad for the World War would be brought back to this country and resold, but, if so, this would not justify us in putting a construction on the act that would virtually amount to rewriting it. The law provided that the tax should be paid on the sale of trucks by an importer thereof and this court has no right to engraft exceptions upon it. The tax was properly assessed under the law and plaintiffs’ petition must be dismissed. It is so ordered.
Moss, Judge; and Booth, Chief Justice, concur.
Graham, Judge, took no part in the decision of this case.