## WHITE MOTOR CO. v. UNITED STATES.
### No. M–255.

Court of Claims.
May 29, 1933.

LITTLETON, Judge.

This suit is for the recovery of a portion of the manufacturers' excise tax collected for the period May, 1925, to May, 1928. The amount of $158,464.97 sued for represents (1) the amount paid on conditional sales of automobiles of $3,811,892 at 3 per cent. for the period May, 1925, to March, 1926, under section 600 (1) of the Revenue Act of 1924 (26 USCA § 881 note) with respect to which conditional sales the purchase price of each automobile had not been fully paid at or prior to the time that section of the revenue act was repealed; (2) the difference between the tax paid on conditional sales of $948,545.50 at 5 per cent. under section 600 (2) of the 1924 act (26 USCA § 881 note) and 3 per cent. thereof imposed under section 600 (1) of the 1926 act (26 USCA § 881 note) for the period January to March, 1926, not fully paid at or prior to the time section 600 (2) of the 1924 act was repealed and section 600 (1) of the 1926 act became effective; and (3) the tax paid on conditional sales of $837,803.33 for the period March 29, 1926, to May 29, 1928, not fully paid at or prior to the time section 600 (1) of the 1926 act was repealed.

Section 601 of the Revenue Act of 1924, re-enacted without change as section 601 of the Revenue Act of 1926 (26 USCA § 883) provides that:

"(a) If any person who manufactures, produces, or imports any article enumerated in section 881 [600] of this title, sells or leases such article to a corporation affiliated with such person within the meaning of section 993 [240 of this act], at less than the fair market price obtainable therefor, the tax thereon shall be computed on the basis of the price at which such article is sold or leased by such affiliated corporation.

"(b) If any such person sells or leases such article whether through any agreement, arrangement, or understanding, or otherwise, at less than the fair market price obtainable therefor, either (1) in such manner as directly or indirectly to benefit such person or any person directly or indirectly interested in the business of such person, or (2) with intent to cause such benefit, the amount for which such article is sold or leased shall be taken to be the amount which would have been received from the sale or lease of such article if sold or leased at the fair market price."

Claude M. Houchins, of Washington, D. C. (John E. Walker, of Washington, D. C., on the brief), for plaintiff.

George H. Foster and W. W. Scott, both of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

■ The regulations promulgated by the Treasury Department from the beginning of the excise taxes under the Act of October 3, 1917 (40 Stat. 300), have provided that conditional sales are not taxable until final pay-

ment and title passes. We have held in People's Outfitting Co. v. United States, 58 F.(2d) 847, 74 Ct. Cl. 419, that these regulations were valid and in accordance with law. If any doubt existed as to whether the regulations were in the beginning strictly in accordance with the statute, their continuance, without change, and the long-continued practice of departmental construction of the statute, which has been re-enacted many times without change, would be sufficient to overcome any attack upon their validity. Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457; Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051; Fawcus Machine Co. v. United States, 282 U. S. 375, 51 S. Ct. 144, 75 L. Ed. 397.

The pertinent provisions of arts. 7 and 8, regs. 47, promulgated under the Revenue Acts of 1924 and 1926 are as follows:

"The tax is to be paid by the manufacturer on all sales made directly by him or through the agent. * * *

"Where a so-called sales agent or distributor is a separate corporation and the sale to it is absolute and at prices and under terms and conditions such as ordinarily obtain between persons dealing at arms length with no further payment or benefit accruing to the manufacturer upon resale or otherwise except the receipt of dividends on stock holdings, the taxable sale is that made by the manufacturer to such sales corporation even though all or substantially all of the stock of such sales corporation is held by or for the benefit of the manufacturer or the stockholders in the manufacturing corporation. Where, however, there are special arrangements between the manufacturer and the selling corporation such as special terms, prices, etc., the taxable sale is the sale by the selling corporation as the selling agent of the manufacturer. The same rule applies in the case of the selling corporation which owns substantially all the stock of a manufacturing corporation."

Article 25, regs. 47, under the 1924 act, and art. 15, regs. 47, under the 1926 act, provide that: "If a manufacturer sells a taxable article to a subsidiary corporation at less than the fair market value thereof, the tax shall be based on the selling price of the subsidiary corporation."

Article 9, regs. 47, under the 1924 act, and art. 8, regs. 47, under the 1926 act, provide so far as material here that: "The tax attaches when the title to an article passes from the manufacturer to the purchaser pursuant to a contract of sale. * * * In the case of a conditional sale, where title is reserved in the vendor until payment of the purchase price in full, the tax attaches (a) upon such payment, or (b) when title passes if before completion of the payments, or (c) when, before completion of the payments, the dealer disposes of the sale by charging off by any method of accounting he may adopt the unpaid portion of the contract price, or (d) when the vendor discounts the notes of the purchaser for cash or otherwise, or (e) when the vendor transfers to another his title in the article sold."

▇▇ We, therefore, hold that, under the statute and the regulations promulgated pursuant to the authority thereof, "the taxable sale is the sale by the selling corporation as the selling agent of the manufacturer"; that "the tax is based upon the selling price of the subsidiary corporation" and that "the tax attaches when the title to an article passes from the manufacturer to the purchaser pursuant to a contract of sale."

The automobiles, the tax upon the sale of which is involved in this case, were billed by the plaintiff, the White Motor Company, to its subsidiary, the White Company, as a branch office and at branch office prices, which were less than the fair market price obtainable therefor by plaintiff, and the plaintiff agreed to indemnify its selling agent, the White Company, and save it harmless from any or all losses of any nature whatsoever incurred by it through sale of plaintiff's output. In view of these circumstances and the provisions of the statute and the regulations, the shipping of the cars to the White Company and the billing of the same to that company by the plaintiff at branch office prices, was no sale at all within the contemplation of the statute, and did not, we think, mark the incidence of the tax to be measured by the price obtained by the White Company if it should sell the cars. There can be only one taxable sale and the statute and the regulations fixed the sale by the affiliated corporation, or selling agent, as the taxable sale by the manufacturer. This view is consistent with the decision in the case of Indian Motorcycle Co. v. United States, 283 U. S. 570, 574, 51 S. Ct. 601, 75 L. Ed. 1277.

▇ The next question is whether the assignment by plaintiff and its subsidiary, the White Company, of the conditional sales contracts and notes to the White Motor Securities Corporation, another subsidiary, constituted a sale to the securities corporation of the conditional sales contracts and notes, and the motor trucks and busses covered thereby,

so as to cause the conditional sales of automobiles by the White Company to be taxable at the time they were made. We are of opinion that the assignment of the contracts, notes, trucks, and busses to the securities corporation was not a sale thereof by plaintiff and the White Company within the meaning of the statute and the regulations. The White Company and plaintiff were parties of the first part to the contract of November 15, 1924, for the reason that the White Company held title to the trucks and busses sold by it as plaintiff's selling agent. They assigned the notes and conditional sales contract to the securities corporation pursuant to contract. We are of opinion that the transactions were not sales, but were loans secured by paper transferred as collateral. Commercial Security Co. v. Holcombe (C. C. A.) 262 F. 657, 661. This seems obvious from the number of attendant circumstances, among which were the payment of interest by plaintiff, its right and duty to repurchase notes in default, notice to it of default in payments on the notes, collections by the securities corporation, notice to plaintiff before repossessing trucks and busses, notice to plaintiff before commencing proceedings to repossess trucks and busses, the right and duty of plaintiff to take over all trucks and busses repossessed, its right to any profit on the resale thereof, and its right and duty to repurchase all paper at the termination of the contract in 1929.

The absolute property in the conditional sales contracts—the notes of the purchasers, and the trucks and busses covered thereby—was not transferred to the securities corporation, since it only acquired the right to have or to take from the proceeds of the notes the amount it had advanced thereon, and the burdens and benefits of ownership remained fixed in plaintiff, inasmuch as it was plaintiff's right and duty to repurchase all defaulted paper and take over all trucks and busses repossessed by the securities corporation. Plaintiff also retained dominion over and a property interest in the property, and in all cases and in every respect was entitled to any profits derived from repossession of trucks and busses, and, conversely, it was required to bear the losses incident to the repossession and any default on any of the notes.

It is our opinion that the transaction between plaintiff, the White Company, and its subsidiary, the securities corporation, constituted a loan of money by the latter rather than the sale by the former of the notes, conditional sales contract, the trucks and busses covered thereby. Brierley et al. v.

Commercial Credit Co. (D. C.) 43 F.(2d) 724; Merchants' Transfer & Storage Co. v. Rafferty (C. C. A.) 48 F.(2d) 540. The assignment under the agreement of November 15, 1924, was made a part of each conditional sales contract and was notice to any holder of the notes for the purchase price of the automobile that the assignment was governed by that agreement.

 We think articles 8 and 9, regs. 47, promulgated under the acts of 1924 and 1926, apply only in cases where the discounting of notes passes all right, title, and interest of the vendor to the vendee and cannot be applied in a case where, pursuant to a contract made a part of each assignment, the vendor retains the burdens and benefits incident to ownership of the articles sold. The statute and the regulations must be held to contemplate a sale in which all right, title, and interest in the property follow the title from the vendor to the vendee.

Plaintiff was, therefore, liable only for the tax imposed by the act in force at the time the final payment was made upon the conditional sales involved, and it is entitled to recover $158,464.97 with interest, representing the difference between such tax and the tax collected at a higher rate under a prior act which was repealed or the rate reduced before the sale became taxable.

It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness, and took no part in its decision.