**INDIAN MOTORCYCLE CO. v. UNITED STATES.**

No. K–280.

Court of Claims.

Feb. 4, 1935.

James S. Y. Ivins, of Washington, D. C. (Holmes, Brewster & Ivins and Brewster, Ivins & Phillips, all of Washington, D. C., on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff, during the period here involved, was a corporation organized under the laws of the commonwealth of Massachusetts. It was engaged in the manufacture and sale of a large variety of commercial vehicles, including motorcycles, side cars, and vans.

Plaintiff seeks to recover excise taxes, paid under the provisions of section 900 of the Revenue Act of 1921 (42 Stat. 227, 291), section 600 of the Revenue Act of 1924 (26 USCA §§ 881 note, 882) and section 600, Revenue Act 1926 (26 USCA §§ 881 and note, 882), on sales of certain motorcycles, during the period from March 2, 1922, to June 30, 1926, in the amount of $19,418.28, together with interest. The sales were made to independent dealers who ordered the vehicles involved for certain municipal corporations and other political subdivisions and governmental agencies of states for use by them in the performance of essential governmental functions.

The Supreme Court in Indian Motocycle Co. v. United States, 283 U. S. 570, 51 S. Ct. 601, 604, 75 L. Ed. 1277, answered in the negative the following question propounded by this court: Where a motorcycle is sold by the manufacturer thereof to a municipal corporation of a state, which has authorized its purchase solely for police purposes, and said motorcycle has at all times been exclusively used for such purposes, is the transaction within the provisions of section 600, subd. 2, of the Revenue Act of 1924 (43 Stat. 322), 26 USCA § 881 note, and taxable thereunder, notwithstanding the decision of the Supreme Court in the case of Panhandle Oil Co. v. State of Mississippi, 277 U. S. 218, 48 S. Ct. 451, 72 L. Ed. 857, 56 A. L. R. 583, decided May 4, 1928?

After a careful review of previous decisions of the court bearing on the question of the immunity of one sovereign from taxation by another, the court, through Mr. Justice Van Devanter, said: "We think it follows from these decisions, particularly from the one last cited [Panhandle Oil Co. Case], that the sale of motorcycles to a state agency, such as a municipal corporation, for use in its police service is not subject to taxation by the United States. The maintenance of a police service by such a state agency, like the maintenance of a coast guard service by the United States, is a governmental function; and that function extends—in one instance as much as in the other—to the purchase of equipment and supplies needed to render the particular service efficient. Under the constitutional principle the exertion of such a function by a state or a state agency has the same immunity from federal taxation that like exertions by the United States or its agencies

have from state taxation. Here the tax is laid directly on the sale to a governmental state agency of an article purchased for governmental purposes. The sale and purchase constitute a single transaction, in which the purchaser is an essential participant. Without that participation the sale could not be effected. Thus, the transaction falls within the class which the United States cannot tax consistently with the constitutional principle."

At another place in the opinion (page 574 of 283 U. S., 51 S. Ct. 601, 602), in discussing the transaction or act on which the tax was laid, the court said: "We think it is laid on the sale, and on that alone. It is levied as of the time of sale and is measured according to the price obtained by the sale. It is not laid on all sales, but only on first or initial sales—those by the manufacturer, producer or importer. Subsequent sales, as where purchasers at first sales resell, are not taxed."

It is contended by the government that the instant case is distinguished from the Indian Motocycle Case, supra, in that we are here concerned with a sale by the manufacturer to a dealer, and not with a sale by the manufacturer to a municipality. In other words, it urged that the transaction involves two sales, the first from the manufacturer to the dealer, and the second a subsequent sale from the dealer to the municipality. It is said that the tax falls on the first sale, and that the taxable sale having been completed before the municipality becomes a party to any transaction, there is no tax on the municipality, and that although as a result of the whole transaction the municipality pays an increased price for the article purchased in the amount of the tax, such amount when paid by the municipality has ceased to be a tax but is merged in and becomes a part of the sales price.

The manner in which sales in the instant case were made is described in Finding No. 2, as follows:

A dealer who is not an agent would receive from a city an order for a specially marked motorcycle; the independent dealer would order from the manufacturer (plaintiff) such a motorcycle, by letter or on the manufacturer's order blank; from parts previously manufactured, the manufacturer would assemble such a motorcycle according to the special requirements and would deliver such motorcycle to the dealer, billing the dealer for the motorcycle at a discount from list price and adding to the bill, as a separate item, the amount of the federal excise tax. Delivery was made by the manufacturer to the dealer, or on dealer's order, and the dealer made payment to the manufacturer. This method was identical with the usual procedure as to delivery, billing, and accounting in ordinary sales from manufacturers to dealers. The manufacturers knew at the time the order was filled that the motorcycle had been ordered from the dealer by a city for use by the city in the performance of an essential governmental function.

The dealer delivered the motorcycle to the city for the list price, thereby adding to the sum it had paid the manufacturer the amount of its discount. The dealer also added the amount of the tax for which it had been billed by the manufacturer. Sometimes the whole amount was lumped, and sometimes the tax was itemized. At the time of these transactions, whether the city acquired a motorcycle by direct purchase from the manufacturer or through a purchase from an independent dealer, the price paid by the city included the amount of the tax. In cases where a sale was made directly from a manufacturer to a city, the independent dealer in that particular territory was paid a commission by the manufacturer in the same amount as the dealer's discount on purchases made by a dealer from the manufacturer, so that in each case the profits both of the manufacturer and the independent dealer were the same.

There is no substantial distinction between sales made by the plaintiff to a city on an order received from it, and sales made through the order of an independent dealer in the manner stated. The two transactions are the same in substance. The direct tax burden on the city purchasing the vehicle is exactly the same in each case, it paying the entire tax. The plaintiff in each case receives the same amount for the article sold, the profit to the independent dealer is the same, and the sales price to the municipality, including the tax, is precisely the same. The plaintiff on the receipt of an order for a vehicle, whether the order comes directly from the city or from a local dealer, knows that it is being purchased by the city for use in the performance of essential governmental functions, and in each case makes special markings on the vehicle to indicate its use. In view of these facts, which have been stipulated by the parties and are not in dispute, the sales in question fall within the decision of the court in Indian Motocycle

Co. v. United States, supra, and are exempt from the tax.

The plaintiff is entitled to recover the taxes paid on such sales with interest thereon from the respective dates on which the taxes were paid to the entry of judgment. The parties have stipulated that in the event the court holds the plaintiff is entitled to recover, a supplemental stipulation will be filed with the court showing the exact dates of payment as a basis for the computation of interest. The entry of judgment will therefore be suspended awaiting the filing of such stipulation.

It is so ordered.