**CHARLES PECKAT MFG. CO.**
**v. JARECKI.**
No. 10535.

United States Court of Appeals,
Seventh Circuit.

June 3, 1952.

Rehearing Denied June 25, 1952.

John E. Hughes, John W. Hughes, Harold R. Burnstein, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., John A. Looby, Jr., Asst. U. S. Atty., Chicago, Ill., Ellis N. Slack, Acting Asst. Atty. Gen., Hilbert P. Zarky, Sp. Asst. to Atty. Gen., A. F. Prescott, Joseph F. Goetten, Sp. Asst. to Atty. Gen., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This is a civil action brought by plaintiff to recover the amount paid by it as manufacturer's excise tax from April through October, 1948, on an automobile accessory, namely, sun visors.

Taxpayer was the owner by assignment of a patent on a bracket for fastening sun visors to automobiles.[1] It entered into a contract with Davis Stamping Company (hereinafter called Davis) of Detroit, Michigan, to fabricate sun visors including the patented bracket. It paid Davis $6.30 per visor, including the bracket. It cost 25¢ to 35¢ to manufacture the bracket. The charge of $6.30 per unit did not include any excise tax. Neither plaintiff nor its officers owned any stock or interest in Davis, nor did Davis or its officers have any stock or other interest in plaintiff.

The machinery used to fabricate the sun visors was owned by Davis and was operated by Davis employees. Under the contract plaintiff paid for and owned the dies and tools used. Plaintiff did not own or operate a factory, and did not possess any presses or other machinery required to stamp out the required metal parts. In quarters 30 feet by 30 feet in a building in Chicago it maintained an office and a small stock supply. The visors were made largely from stainless steel purchased by Davis from Rigidtex Corporation. Plaintiff did not have inspectors or other employees stationed at the Davis factory. Davis shipped the sun visors only as ordered by plaintiff or its sales agent, packing the visors in cartons. Plaintiff furnished to Davis for use on the cartons advertising and labels representing that plaintiff was the manufacturer

---

1. The validity of this patent was upheld in Charles Peckat Mfg. Co. v. Jacobs, 7 Cir., 178 F.2d 794.

of the visors. Plaintiff had obtained the registered trademark "Skyshield" which, with the name "Comet," was used to designate the sun visors involved in this action. This mark was incorporated in the dies used and was thus stamped on the visors.

The contract, which was in the form of a letter from Davis to plaintiff with a notation of acceptance by the latter, also contained the following provisions, among others:

"5. After the first run of 10,000 units is completed, analysis of production costs and tool amortization shall be made for the purpose of adjusting our unit charge to you.

"6. You will make proper application to the Internal Revenue Department to determine what excise tax shall apply, if any, and at what point in the billing the tax shall be computed and assessed; you to furnish us with a copy of the Treasury Department's ruling. * * *

"7. All orders received by us from you shall be considered firm orders and any cancellation shall be at your responsibility for all raw materials and fabricated parts and supplies purchased for such orders subject to whatever recovery we may be able to obtain from our suppliers through cancellations and return of materials and supplies."

Plaintiff sold the visors to distributors at $8.08 per unit, and, based on that figure, paid excise taxes of $45,669.28, and in its complaint plaintiff sought judgment for that amount. However, by stipulation, plaintiff has waived any right to recover the portion of the tax paid computed on its cost of $6.30 per visor, which plaintiff claimed should have been collected from Davis. The net result is that plaintiff is now seeking recovery of the difference between the tax paid based on $8.08 per visor (its selling price), and a tax based on $6.30 per visor (the amount it paid to Davis), or approximately a tax of 8c per visor.

The issues were tried to a jury and at the conclusion of plaintiff's evidence the court directed a verdict for defendant on the ground that the sales of sun visors by the plaintiff were sales by the manufacturer within the meaning of Sec. 3403(c), Internal Revenue Code.

The statute and regulations involved are:

"Sec. 3403. Tax on automobiles, etc.

"There shall be imposed upon the following articles sold by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold: * * * (c) Parts or accessories * * *." 26 U.S.C. § 3403(c).

"Treasury Regulations 46 (1940 Ed.):

"Sec. 316.4. *Who is a manufacturer.*—The term 'manufacturer' includes a person who produces a taxable article from scrap, salvage, or junk material, as well as from new or raw material, (1) by processing, manipulating, or changing the form of an article, or (2) by combining or assembling two or more articles.

"Under certain circumstances, as where a person manufactures or produces a taxable article for a person who furnishes materials and retains title thereto, the person for whom the taxable article is manufactured or produced, and not the person who actually manufactures or produces it, will be considered the manufacturer.

"A manufacturer who sells a taxable article in a knockdown condition, but complete as to all component parts, is liable for the tax, and not the person who buys, and assembles a taxable article from, such component parts.

"Sec. 316.5. *When tax attaches.*—In general the tax attaches when the title to the article sold passes from the manufacturer to a purchaser.

"When title passes is dependent upon the intention of the parties as gathered from the contract of sale and the attendant circumstances. In the absence of expressed intention, the legal rules of presumption followed in the jurisdiction where the sale is made govern in determining when title passes. Generally, title passes upon delivery of the article to the purchaser or to a carrier for the purchaser."

That sun visors are manufactured automobile accessories which under Sec. 3403 of the Code, are subject to excise tax at the time they are sold by the manufacturer is not disputed. The question for determination is whether plaintiff was the "manufacturer" of the sun visors within the purview of the applicable statutes and regulations. The evidence pertaining to this phase of the case is not in dispute.

The taxpayer and the government each claim support for their respective contentions in the second paragraph of Sec. 316.4, Treas. Reg. 46. The government cites this paragraph to demonstrate that one who makes the initial sale of a manufactured article need not have personally produced it to be subject to the excise tax as the manufacturer; on the other hand plaintiff points out that it did not furnish or retain title to the steel used by Davis in fabricating the sun visors, and that the regulation necessarily implies that one who does not furnish the material or retain title is not the manufacturer of the article.

■ In the design of the federal excise tax, sales of the product are all-important,[2] and serve a dual purpose. First the amount of the tax is measured by the sales price, and, second, a person incurs liability for the tax, not by manufacturing the article but, having manufactured or produced it, by selling it.

■ Admittedly either plaintiff or Davis made the initial sales as the manufacturer of the sun visors. In this suit plaintiff had the burden of proof to show that it was not the initial seller, the "manufacturer." The decision must be based on the legal conclusions to be drawn from the undisputed fact relationship between plaintiff and Davis.

The contract does not mention purchase or sales of sun visors. The first paragraph states, " * * * it is our understanding that the following working principles are agreed upon." Then follows the provision that Davis is to produce certain agreed upon tools, to be paid for by plaintiff; that Davis is to pack and ship the finished product in the name of plaintiff and that Davis will forward to plaintiff copies of all bills of lading "in order that prompt billings may be made by you to your customers." Paragraph 5 contains the provision for adjusting Davis' unit charge to plaintiff. Paragraph 6 shows the parties considered plaintiff might be held to be a manufacturer for it provides, "If the ruling (from the Internal Revenue Department) states you are to be considered the manufacturer for purposes of the levying of the excise tax * * *." Paragraph 7 indicates that Davis did not order steel for the visors unless and until an order had first been placed by plaintiff, for the contract states: "All orders * * * shall be considered firm orders and any cancellation shall be at your (plaintiff's) responsibility for all raw materials and fabricated parts and supplies *purchased for such orders* subject to whatever recovery we (Davis) may be able to obtain from our suppliers * * *." (Emphasis supplied.)

Plaintiff cites authorities which in other contexts have defined the term "manufacturer" as being the person or concern which supplies such essentials as plant facilities, machinery and labor for the production of an item. However, it is not unusual in taxing statutes for the term "manufacturer" to include one who has contracted with others to actually fabricate the product. Carbon Steel Co. v. Lewellyn, 251 U.S. 501, 40 S.Ct. 283, 64 L.Ed. 375; Allen v. Smith, 173 U.S. 389, 19 S.Ct. 446, 43 L.Ed. 741; Reichelderfer v. Johnson, 63 App.D.C. 334, 72 F.2d 552; Chandler Laboratories, Inc., v. Smith, D.C., 88 F.Supp. 583.

In Carbon Steel Co., supra, the company had made three contracts with the British government for the manufacture and delivery of high explosive shells. The work

2. The tax "is laid on the sale, and on that alone. It is levied as of the time of sale and is measured according to the price obtained by the sale. It is not laid on all sales, but only on first or initial sales—those by the manufacturer, producer or importer." Indian Motorcycle Co. v. United States, 283 U.S. 570, 574, 51 S.Ct. 601, 602, 75 L.Ed. 1277.

involved nine operations, only one of which was performed by Carbon. In holding that Carbon Steel Company was a "person manufacturing," and, thus, a manufacturer liable for an excise tax known as Munitions Manufacturer's Tax, the court rejected the contention that in order for a person to be designated as a "person manufacturing," he must himself perform the various operations, saying that it was contemplated that a "person manufacturing" would use "other aid and instrumentalities, machinery, servants, and general agents * * *." [251 U. S. 501, 40 S.Ct. 285.]

The Carbon Steel Co. case was cited and relied on in Warner-Patterson Co. v. United States, 68 Ct.Cl. 237, where taxpayer was the owner and licensee of patents pertaining to lenses. Three factories produced the lenses on plaintiff's order. The lenses were made from plaintiff's moulds and plaintiff furnished the specifications. The factories could only make these lenses for plaintiff. The sole question was whether plaintiff was a "manufacturer" or a "producer" of the lenses within the meaning of Sec. 900 of the Revenue Act of 1921, 42 Stat. 291, and Sec. 600 of the Revenue Act of 1924, 26 U.S.C. A.Int.Rev.Acts, page 92. The taxing acts provided that the taxes "shall be * * * paid * * * by the manufacturer, producer or importer." The court held that taxpayer there was a manufacturer.

■ Davis had no authority to make visors with the patented bracket for sale by it to others. The only disposition that Davis could make of the visors was as directed by plaintiff, and the visors were shipped out in plaintiff's name, describing plaintiff as the manufacturer. Davis never had a proprietary interest in the completed product. Plaintiff's ownership of the dies and tools and its exclusive rights under the patent, together with the other provisions of the contract, demonstrates that Davis was merely fabricating the visors for plaintiff on what might be termed a piecework basis, and that the sales of the visors by plaintiff were sales by the manufacturer within the meaning of Sec. 3403(c), Internal Revenue Code.

Judgment affirmed.