**The SLAVENBURG CORPORATION, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
July 26, 1962.

Garfield, Solomon & Mainzer, New York City (Frank J. Scardilli and Elliott J. Solomon, New York City, of counsel), for plaintiff.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, New York City (Clarence M. Dunnaville, Jr., Asst. U. S. Atty., New York City, of counsel), for defendant.

COOPER, District Judge.

Plaintiff taxpayer and the Government each moves for summary judgment in its favor pursuant to Rule 56, F.R.Civ.P., 28 U.S.C.A. Upon these cross-motions, the basic issue raised is whether § 4061 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4061, authorizes imposition of an excise tax on the initial sale in this country of foreign cars irrespective of whether such imported cars are used or new.

Plaintiff, a New York corporation hereinafter referred to as "Slavenburg," commenced this action in October, 1961, challenging the validity of certain manufacturers' or importers' excise taxes assessed against it and collected by the Government for the second and third quarters of 1960 pursuant to § 4061 of the Internal Revenue Code of 1954.

In essence, the burden of the complaint is that the Government improperly and without authority applied the excise tax provisions of § 4061 to sales by Slavenburg in the United States of several hundred allegedly "used" Volkswagens manufactured in and imported from Germany. Plaintiff asserts that this tax may not lawfully be levied on the sale of such "used" cars and accordingly seeks to recover the sum of $37,-650.45, which it contends the Government erroneously assessed and collected, plus interest.

Jurisdiction is invoked and plainly exists under the provisions of 28 U.S.C.A. § 1346(a) (1), which provides that

"The district courts shall have original jurisdiction, concurrent with the Court of Claims, of any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, * * *."

Concededly, Slavenburg engaged in commercial financing in connection with the importing of foreign cars to the United States for sale to automobile dealers and the public. During 1960, Slavenburg financed the importation of at least 264 Volkswagens from West Germany for sale in this country; and the tax authorities determined that the sales of these cars in the United States would be taxable under § 4061 of the Internal Revenue Code of 1954.

Thereafter, while the cars were in the possession of Ocean Imports, Inc., the District Director of Internal Revenue found that collection of the taxes was in jeopardy; and accordingly he caused jeopardy assessments to be made and levied upon the 264 Volkswagens.

Slavenburg, which claimed either ownership of or a security interest in the Volkswagens entitling it to possession, sought to have the vehicles released from the liens and levies of the Government in order that it might sell them. Consequently, Slavenburg entered into an agreement with the District Director in which it consented to payment of the excise tax upon its sales of the Volkswagens and explicitly acknowledged and recognized that under the prevailing circumstances it would be deemed the "importer" for such excise tax purposes. (See Exhibit 1.) In connection with

**316**

these sales, Slavenburg subsequently paid to the District Director of Internal Revenue, Newark, New Jersey, the sum of $37,650.45, which it now seeks to recover.

As the complaint discloses, plaintiff nowhere disputes its status as "importer" for excise tax purposes under these circumstances; and no genuine issue of triable fact exists in that respect. See, also, 26 U.S.C.A. § 4219.

The sole basis upon which plaintiff challenges the legality of the excise tax imposed upon its sales of the Volkswagens is the contention that the tax does not apply to the sale of "used" or "second-hand" imported cars. (See Complaint, ¶¶ 5, 9)

Upon this ground, plaintiff filed a timely claim for refund of the $37,650.45, plus interest, with the District Director of Internal Revenue, Newark, New Jersey. By letter dated May 5, 1961, however, the District Director disallowed plaintiff's claim, ruling that the excise tax applied to the initial sales in the United States of used imported cars and further that, in any event, the automobiles in question were actually new automobiles. On June 20, 1961, the District Director served plaintiff by certified mail with an official notice of such disallowance; and on October 4, 1961 plaintiff commenced this suit.

Plaintiff contends First, that § 4061 of the Internal Revenue Code of 1954 imposes no tax upon the sale of used or second-hand imported automobiles and, Second, that the particular Volkswagens it sold were used or second-hand cars, and hence not subject to excise tax upon their sale in this country.

The Government on the other hand asserts that the tax imposed by § 4061 applies to the initial sale in the United States of all imported cars, regardless of whether they are new or second-hand.

In addition, the Government also takes the position that the imported Volkswagen automobiles sold by Slavenburg actually were new cars.

No dispute exists as to the correctness of the amount of the tax insofar as its computation is concerned, nor is it denied that Slavenburg's sale of the allegedly "used" or "second-hand" cars involved herein constituted the first sale in the United States.

Thus, the primary question which the Court must resolve can be stated in fairly simple terms: Does the excise tax imposed by § 4061 apply to the initial sale in the United States of an automobile of foreign manufacture regardless of whether that imported vehicle is new or used?

The statute (26 U.S.C.A. § 4061) provides, in pertinent part, that

"There is hereby imposed upon the following articles * * * sold by the manufacturer, producer, or importer a tax equivalent to the specified percent of the price for which so sold:

*   *   *   *   *   *

"(2) Articles taxable at 10 percent * * *

"Automobile chassis and bodies * * *

*   *   *   *   *   *

"A sale of an automobile * * * shall, for the purposes of this paragraph, be considered to be a sale of the chassis and of the body."

It is well settled that the excise tax imposed by these statutory provisions applies only on the initial sale in the United States of a particular article and not on subsequent resales of the same article. See, e. g. Indian Motocycle Co. v. United States, 283 U.S. 570, 574, 51 S.Ct. 601, 75 L.Ed. 1277 (1931); United States Truck Sales Co. v. United States, 229 F.2d 693 (6th Cir., 1956).

Thus, in the "United States Truck Sales" case, the Circuit Court noted (at p. 697):

"We agree with the * * * Supreme Court in Indian Motocycle Co. v. United States, supra, that the tax is an excise tax and imposed only on the initial sale in the United

States. The tax is not imposed on the second sale in the United States of the same article. * * * "

Evident throughout the opinion of the United States Supreme Court in the "Indian Motocycle" case, as well as in the Sixth Circuit's opinion in "United States Truck Sales," is the major premise that all such first or initial sales properly fall within the ambit of the statute.

Slavenburg's reliance on the "United States Truck Sales" case, therefore, seems totally misplaced. It is manifest that the Sixth Circuit Court of Appeals refused to sanction imposition of the excise tax in that case for the reason that there had been a prior sale in the United States. No such prior sale occurred in the case at bar. On the contrary, it is *conceded* that, here, Slavenburg's sale of the cars constituted the first or initial sale in the United States.

Significantly, also, while holding that the predecessor of § 4061 imposed an excise tax only upon initial sales in the United States, the Circuit Court in United States Truck Sales Co. v. United States, supra, specifically noted (at pp. 697–698):

"* * * On the other hand, the purpose of the statute to tax only the first sale in the United States is carried out by construing the word "importer" as one who imports a taxable article which was manufactured and initially sold outside of the United States and so not subject to the taxing statute until imported and sold for the first time in the United States. In our opinion, that is the proper construction to be given to the statute."

■ Similarly, the Internal Revenue Service, in Revenue Ruling 58–297, 1958–1 Cum.Bull. 401, declared:

Used automobiles of foreign manufacture are imported and sold in this country. The importer's sales of the used automobiles constitute the initial sales of the automobiles within the United States. *Held,*

the manufacturers excise tax on automobiles sold by the manufacturer, producer, or importer thereof, imposed by section 4061 of the Internal Revenue Code of 1954, applies to the importer's sales of the automobiles. It is immaterial that the vehicles had been used prior to their importation.

Of course, such Revenue Ruling cannot enlarge the scope of the excise tax or change the statute; and if it is not a correct construction of § 4061 of the Internal Revenue Code, it would have to be disregarded. Bartels v. Birmingham, 332 U.S. 126, 132, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947); Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 134, 56 S.Ct. 397, 80 L.Ed. 528 (1936). The Ruling seems, however, in complete accord with the rationale and intent of the statute as well as with the court decisions construing its basic provisions. See, e. g., Indian Motocycle Co. v. United States, supra, 283 U.S. at p. 574, 51 S.Ct. at 602.

■ The courts have unequivocally held that the statute applies to only the first sale in the United States by a manufacturer, producer, or importer (see United States Truck Sales Co. v. United States, supra) in order to obviate the possibility of successive, multiple taxation, i. e., the collection of an excise tax on the same automobile two or more times, depending on how many times it were resold.

Here, Slavenburg seeks to avoid payment of the tax on the initial sales of the cars within the United States simply by arguing that the automobiles were "used" cars. No such immunity exists.

Plaintiff's contention that initial sales of imported "used" cars are outside the comprehensive taxing authority provided in § 4061 seems entirely lacking in merit. In support of its motion for summary judgment, plaintiff relies primarily on language in the Senate Report that "* * * the tax is not imposed on second-hand cars, * * * " (U.S.Code Cong. & Ad.Service, 82nd Cong., 1st

318

Sess., 1951, p. 2073); but it is plain from the context of the report, and from the decisions, that this language had reference only to subsequent sales after an initial sale in the United States. See United States Truck Sales Co. v. United States, supra, 229 F.2d at p. 697. It in no sense relates to imported used cars of foreign manufacture which had not previously been sold in the United States.

It seems altogether clear, therefore, that the excise tax involved herein applies to the initial sale in this country of imported automobiles, whether new or "used."

Moreover, despite plaintiff's conclusory allegations to the contrary, there is considerable doubt whether any genuine issue of fact exists even with respect to the question of whether the cars actually were "used." The affidavits of the Internal Revenue Agents in support of the Government's motion for summary judgment disclose that none of the cars showed a speedometer mileage in excess of seven miles and that all the equipment and accessories were "brand new." These allegations are nowhere controverted and they appear to eradicate any triable issue so far as the cars' physical newness is concerned.

Plaintiff's counsel submits an affidavit in which he states that he examined the title documents covering some of the automobiles in question and that they indicate that those cars had previously been sold at retail to purchasers in Germany. Whether or not such sales were made in good faith, of course, constitutes a triable issue of fact. In view of the Court's earlier determination as to the scope of § 4061, however, it is unnecessary to decide the question of whether these alleged sales were made in good faith. The undisputed facts as to the recorded mileage and the presence of certain export-model features such as mile speedometers and double bumpers, arguably, tend to indicate the absence of good faith in the alleged previous sales to local German purchasers.

In any event, it is clear that the statute applies to initial sales in the United States of imported cars, irrespective of whether such cars are "used" or new.

The cross-motion of the United States for summary judgment, therefore, is granted; and plaintiff's motion is overruled.

So ordered.