**PITTWAY CORPORATION, and subsidiaries, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 96–1968.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 30, 1996.

Decided Dec. 18, 1996.

Todd F. Maynes (argued), Deborah Dunn, Kirkland & Ellis, Chicago, IL, for Plaintiff–Appellant.

Richard Farber, Gary R. Allen, Joan I. Oppenheimer (argued), Dept. of Justice, Tax Division, Appellate Section, Washington, DC, Michele M. Fox, Office of the United States Attorney, Civil Division, Appellate Section, Chicago, IL, Richard J. Gagnon, Jr., Department of Justice, Tax Division, Washington, DC, for Defendant–Appellee.

Before WOOD, Jr., RIPPLE and MANION, Circuit Judges.

MANION, Circuit Judge.

Pittway Corporation inserted butane into containers as an aerosol propellant. Section 4661(a) of the Internal Revenue Code taxes the manufacturer of certain chemicals, among them butane. The IRS taxed Pittway for using the butane in the manufacturing of the various aerosol products. Pittway claims that its customers are the manufacturers who should pay the tax and seeks a refund of $236,056 in taxes it paid to the government under Section 4661(a). The district court granted summary judgment in favor of the government. We affirm.

## I. Background

Pittway was a "contract packager." Through a subsidiary, Pittway contracted with other companies to assemble and package those companies' consumer products. Many of the products it assembled and packaged required the addition of aerosol-grade isobutane as an ingredient. The isobutane served as a propellant in the aerosol containers.

Pittway purchased its own supply of isobutane from suppliers and maintained its supply in storage tanks at its packaging facilities. Pursuant to its customers' formulas, Pittway inserted isobutane, along with other ingredients, into the customers' trademarked containers. When Pittway had assembled and packaged the product, a common carrier delivered the product to Pittway's customers.

At issue are two sections of the Internal Revenue Code promulgated by the Hazardous Substance Response Revenue Act of 1980. Section 4661(a) states:

There is hereby imposed a tax on any taxable chemical sold by the manufacturer, producer, or importer thereof.

26 U.S.C. § 4661(a). Section 4662(b)(1) states:

> Under regulations prescribed by the Secretary, methane or butane shall be treated as a taxable chemical only *if it is used otherwise than as a fuel* or in the manufacture or production of any motor fuel, diesel fuel, aviation fuel, or jet fuel (*and, for purposes of section 4661(a), the person so using it shall be treated as the manufacturer thereof*).

26 U.S.C. § 4662(b)(1) (emphases added).

Pittway paid a tax pursuant to Section 4661(a) in the amount of $236,056 and then filed this suit for a refund. Both Pittway and the government moved for summary judgment. The district court granted the government's motion and denied Pittway's. It concluded that by inserting isobutane into consumer products, Pittway "used" butane under Section 4662(b)(1). Pittway does not contest the determination that it used the butane. Rather, Pittway contends that even if it "uses" butane as set forth in Section 4662(b)(1), it did not "manufacture" the finished aerosol products within the meaning of Section 4661(a), and thus is not subject to the tax.

## II. Analysis

■ All statutory interpretation begins with the language of the statute itself, and where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (*quoting Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)). Therefore, the first issue is whether the sections of the Internal Revenue Code relied upon by the district court and the government to impose tax liability on Pittway (rather than on Pittway's contract customers) are plain and straightforward.[1]

Section 4661(a) imposes a tax on certain chemicals sold by the "manufacturer thereof," *e.g.,* the manufacturer of butane. Section 4662(b)(1) specifies, with exceptions not here relevant, that the person "using" butane is treated as the "manufacturer" for purposes of Section 4661(a). This statutory scheme is straightforward. The objective is to identify the entity that uses butane in a product for purposes other than fuel. Once found, the statute treats that entity as the chemical's manufacturer, and, if it sells that product, it pays the tax. Without question, Pittway used the butane when it inserted it into the aerosol cans of its customers. It does not contest the IRS position (approved by the district court) that "the insertion of isobutane into an aerosol canister during the manufacturing process constitutes the 'use' of isobutane." Pittway insists instead that since its customer—the manufacturer of the end product—directed that use, the customer, not Pittway, is the user who should incur the tax.

The district court approached the problem differently. It stated: "Whether Pittway is a manufacturer of butane is irrelevant where Congress imposed a tax on the 'use' of butane regardless of whether the 'user' is deemed a manufacturer, as in § 4662." This interpretation is not entirely correct. As a general matter the "user" of the butane *is* the manufacturer under the statutory definition, and the tax is imposed upon that manufacturer. Therefore, whether Pittway is a manufacturer of butane under the statute is certainly relevant to the issue of who pays the tax.

We glean three arguments from Pittway's briefs. First, Pittway asserts that it is not liable for the tax because courts have found other contract manufacturers or piece-rate assemblers not to be "manufacturers" for excise tax purposes. Pittway relies principally upon *Charles Peckat Mfg. Co. v. Jarecki,* 196 F.2d 849 (7th Cir.1952), which interpreted a section of the Code imposing an excise tax on automobile accessories "sold by the manufacturer." *Peckat Mfg. Co.,* 196 F.2d at 850 (quoting former 26 U.S.C. § 3403). Peckat had contracted with another company to purchase assembled sun visors at a piece rate. The court determined that Peckat, as the patent-holder on the visors,

---

**1.** Of course, "[w]ords are not plain in themselves." They are plain "only by virtue of a context" that includes "minimum cultural and linguistic competence." *First Chicago Corp. v. Commissioner of Internal Revenue,* 842 F.2d 180, 183 (7th Cir.1988).

was the "manufacturer" under the statute even though another entity assembled the visors. *See id.* at 851 ("[I]t is not unusual in taxing statutes for the term 'manufacturer' to include one who has contracted with others to actually fabricate the product.").

*Jarecki* might be more persuasive if Section 4662(b)(1) did not specifically define "manufacturer." But it did. This court does not have to choose between Pittway and its customers to determine which "manufactured" the chemical butane "used" in this case. The statute states without equivocation that "for purposes of section 4661(a), the person so using [the butane otherwise than as a fuel] shall be treated as the manufacturer thereof." 26 U.S.C. § 4662(b)(1). Once Pittway acknowledged the obvious fact that it "used" the butane within the meaning of the statute by inserting the chemical propellant into its customers' aerosol containers, the tax became Pittway's to pay.[2]

Pittway contends that it is not liable for the tax for a second reason: it did not manufacture the finished product (*i.e.*, the product that Pittway's customers sell to the public). Once again, this argument conflicts with the language of the statute, which taxes the manufacturer of the *chemical*, not the finished product. *See* 26 U.S.C. § 4661(a) (imposing tax on "any taxable *chemical* sold by the manufacturer ... thereof") (emphasis added); 26 U.S.C. § 4662(b)(1) ("the person so using [the chemical] shall be treated as the manufacturer thereof"). As we conclude that Pittway is the manufacturer of the chemical in question (butane), it is liable for the tax under Section 4661(a).

Third, Pittway contends that the statute imposes a tax only when the taxable chemical is "sold by the manufacturer," and that it made no sale in this case. Pittway does not dispute that it assembles and packages consumer products, complete with the addition of butane as an ingredient, for a price. We therefore have little difficulty concluding that Pittway's relationship with its contract customers involves a "sale" under the statute.

What may be Pittway's best argument it makes only in passing: that the IRS dropped the ball by never issuing regulations interpreting Section 4662(b)(1) even though the statute explicitly stated that such regulations were forthcoming. Section 4662(b)(1) states that "[u]nder regulations prescribed by the Secretary, methane or butane shall be treated as a taxable chemical...." More than fifteen years after the statute's passage, there are no regulations.

This is not the first time that the government has sought to enforce a statute without having issued the interpretive regulations that the text of the statute requires. In *First Chicago Corp. v. Commissioner,* 842 F.2d 180 (7th Cir.1988), this court interpreted a section of the Code passed in 1969, 26 U.S.C. § 56(a), imposing a minimum tax on a taxpayer's tax-preference items (after certain deductions). Although the statute stated that the Treasury "shall prescribe regulations" interpreting the minimum tax, the Treasury never issued any regulations. This court noted that the dispute might have been avoided "if the Treasury Department had ever gotten around to promulgating regulations under section 58(h), as ordered to do by Congress, but it never did, blaming its default on a staggering workload caused by the number of tax bills that Congress has enacted in recent years." 842 F.2d at 182.

In this case, the government does not blame a staggering workload for its failure to issue the promised regulations. Instead, it attributes its noncompliance to the Tax Reform Act of 1986, as well as "efficiency and

---

**2.** Pittway's other sources of authority also involve Code sections where a tax is imposed on a "manufacturer," but in those sections (unlike here) the term is undefined. *See* 26 U.S.C. § 4181 (imposing a tax upon the "sale by the manufacturer ... of the following articles"); *Rev. Rul.* 78–34, 1978–1 C.B. 355 (interpreting Section 4181 by asking "*who* is the manufacturer of pistols for purposes of the manufacturers excise tax imposed by section 4181") (emphasis added); *Polaroid Corp. v. United States,* 235 F.2d 276, 277 (1st Cir.1956) (imposing tax liability on patent-holder Polaroid rather than contract assembler under statute that merely imposed tax on photographic equipment "sold by the manufacturer"); *Boise Nat'l Leasing, Inc. v. United States,* 389 F.2d 633, 637 (9th Cir.1968) (interpreting former 26 U.S.C. § 4061, which imposed a manufacturer's excise tax on the sale of automobiles, to impose tax liability on truck leasing company rather than fabricator that actually made the trucks).

other concerns." It is unclear why, as the government suggests, the Tax Reform Act caused the Treasury Department to shelve its regulation project involving the chemical excise tax, or exactly what "other concerns" are responsible. But even if those were legitimate reasons for the government's failure to issue regulations, the statute refers to regulations that do not exist. While encouraging us to apply the "plain meaning" rule to the part of the statute imposing a tax on any taxable chemical, the government does not likewise insist that we read the first six words of Section 4662(b)(1) literally: "Under regulations prescribed by the Secretary...."

■ This takes us back to the beginning of our analysis. The "plain meaning of legislation should be conclusive." *Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). In this case, the language directs us to a single conclusion: that Pittway, as the user of the butane, is the manufacturer responsible for the excise tax imposed on the butane. Even if there were regulations, we would have to question them if they suggested a different result. *See MCI Telecommunications v. American Tel. & Tel.*, 512 U.S. 218, ——, 114 S.Ct. 2223, 2231, 129 L.Ed.2d 182 (1994) ("an agency's interpretation of a statute is not entitled to deference when it goes beyond the meaning that the statute can bear").

There is only one exception to the plain meaning rule: the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Ron Pair Enterprises, Inc.*, 489 U.S. at 242, 109 S.Ct. at 1031 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). Pittway argues that this is such a "rare case" because Congress intended to tax the parties responsible for the environmental waste associated with the use of isobutane. While Pittway concludes that its customers are responsible, it is not clear why that is so. Pittway purchases its own supply of isobutane, maintains that supply on its premises, and uses it as a raw material in the products it assembles and packages. It concedes that it "uses" butane within the meaning of the statute, which

means Pittway is the chemical's "manufacturer." Pittway has provided us with no evidence that while Congress carefully imposed the tax on the manufacturer of the chemical, it really intended to tax other entities, such as the manufacturer's customers.

Finally, we note that at oral argument Pittway confirmed that this is a one-time tax. Whoever pays it, it is paid only once, thus ensuring that the potential "environmental waste" of this butane is covered. Clearly Pittway's customers also "use" the butane. But Pittway was the first user for purposes other than as a fuel, so it is the designated manufacturer under § 4661(a). It would no doubt be helpful for the government to solidify this interpretation in a regulation to avoid confusion of who will pay a tax (that will logically be passed on in the price to subsequent customers). In a statute less clear on its face, failure to promulgate regulations as Congress orders could result in a provision not enforceable due to the Secretary's failure.

## III. Conclusion

The plain language of the statute taxes the manufacturer of butane. The statute clearly designates Pittway as the manufacturer, and it must pay the tax. The decision of the district court is AFFIRMED.